IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-58-BO

| | |
|---|---|
| DONALD SANDERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| NANCY A. BERRYHILL, ) | |
| *Acting Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on March 16, 2017, in Raleigh, North Carolina. For the reasons discussed below, the decision of the Commissioner is affirmed.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying his claim for disability and disability insurance benefits ("DIB") and supplemental security income ("SSI") pursuant to Titles II and XVI of the Social Security Act. Plaintiff protectively filed his applications on August 16, 2012, alleging disability beginning May 29, 2012. After initial denials, a hearing was held before an Administrative Law Judge ("ALJ") who issued an unfavorable ruling. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, however, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. See 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since his alleged onset date. Plaintiff's physical impairments were considered severe at step two, but were not found alone or in combination to meet or equal a listing at step three. At step four the ALJ concluded that plaintiff had the RFC to perform light work with the following restrictions: to never crawl, climb ladders, ropes, or scaffolds; to only occasional push/pull with the left lower extremity; and to occasionally climb ramps and stairs, balance, kneel crouch, and frequently stoop. The ALJ then found that plaintiff was able to return to his past work as a courier for a pharmaceutical company even with the limitations listed above. The ALJ further found that, although the evidence does not support such a limitation, even if the claimant were limited to work primarily seated, he could still do other work identified by the vocational expert ("VE") including a reduced number of light cashier

positions, light storage facility rental clerk, and merchandise marker. Therefore, in considering plaintiff's age, education, work experience, and RFC, there were other jobs that existed in significant numbers in the national economy that plaintiff could perform. Thus, the ALJ determined that plaintiff was not disabled within the meaning of the Act.

The Court finds that the ALJ's decision in this instance is supported by substantial evidence. Plaintiff first argues that the ALJ erred in finding that plaintiff's impairments did not meet or medically equal listing 1.02, Major Dysfunction of a Joint.

Plaintiff has the burden of demonstrating that his impairments met or medically equaled the severity of those in the Listing of Impairments. *See Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981). Further, he must present "medical findings equal in severity to all the criteria for the one most similar listed impairment," and "cannot qualify for benefits under the equivalence step by showing that the overall functional impact of his unlisted impairment or combination of impairments is as severe as that of a listed impairment." *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990) (emphasis in original).

According to the regulations, to meet Listing 1.02 one must have a gross anatomical deformity and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and joint space narrowing, bony deconstruction, or ankyloses of the affected joints, and resulting in inability to ambulate effectively, as defined in 1.00 B2b. The evidence shows that plaintiff has a history of left knee pain and surgical repair with episodes of chronic knee pain, treatment of pain symptoms, and diagnoses of knee pain. None of this, however, rises to the level of meeting a listing. The record shows that plaintiff was treated with inflammatory and pain medication that resulted in improved symptoms and controlled his pain. The record does not show that plaintiff's condition resulted in an inability to

4

ambulate effectively. No treatment notes from any physician documented an extreme limitation in his ability to walk. Dr. Yap, a treating physician, opined that plaintiff had evidence of osteoarthritis, ordered a knee brace and a TENS unit, and prescribed pain medication, and the next month, plaintiff reported improved pain symptoms with medication. Tr. 362–66; 381–82. The consultative examiner, Dr. Masere, found that plaintiff could rise from a seated position without assistance, get up and down from the exam table; walk on his heels and toes with ease and tandem walk. Tr. 293–97. Dr. Masere additionally found that plaintiff could sit normally in an eight-hour day with normal breaks; occasionally bend, stoop, crouch, and squat; and did not need an assistive device for either short or long distances or uneven terrain. Tr. 297. For these reasons, plaintiff did not meet his burden at this stage, and substantial evidence supports the ALJ's findings that plaintiff does not meet Listing 1.02 or any other Listing.

Plaintiff next argues that the ALJ erred in finding that plaintiff has the RFC to perform light work with limitations. An ALJ makes an RFC assessment based on all of the relevant medical and other evidence. 20 C.F.R. § 404.1545(a). An RFC should reflect the most that a claimant can do, despite the claimant's limitations. *Id.* An RFC finding should also reflect the claimant's ability to perform sustained work-related activities in a work setting on regular and continuing basis, meaning eight-hours per day, five days per week. SSR 96-8p; *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006).

Plaintiff primarily relies on his own testimony in arguing that the evidence does not support the ALJ's RFC finding. However, subjective testimony alone cannot sustain a finding of disability, and the extent to which an individual's statements about symptoms can be relied upon as probative evidence in determining whether the individual is disabled depends on the credibility of the statements. SSR 16-3p. Because plaintiff does not cite to any contradictory

medical opinion or evidence to support his contention that the ALJ's RFC was incorrectly made, because the ALJ expressly accounted for plaintiff's documented impairments in his RFC, and because the ALJ properly relied on physician examinations which supported his findings, the Court finds that the ALJ's RFC is supported by substantial evidence.

Finally, plaintiff argues that the ALJ erred in finding plaintiff's allegations not credible. Plaintiff testified that he can only stand, sit, and walk for 10-15 minutes each day due to knee and ankle pain and that he suffers from debilitating depression. The ALJ found that this testimony was not consistent with the medical evidence.

In determining the credibility of a claimant's statements, the adjudicator must consider the entire case record, including objective medical evidence, the individual's own statements, information provided by treating or examining physicians or psychologists, and any other relevant evidence in the case record. *See* SSR 96-7p. An ALJ's credibility determination should be afforded great deference. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). Further, "pain is not disabling per se, and subjective evidence of pain cannot take precedence over objective medical evidence of record or the lack thereof." *Craig v. Chater*, 76 F.3d 585, 592 (quoting *Gross v. Heckler*, 785 F.2d 1163 (4th Cir. 1986)).

The Count finds no reason to overturn the ALJ's credibility determination. Plaintiff testified that the pain in his left knee limits his daily activities, that he cannot do excessive walking or standing and can only sit for 15 to 20 minutes at a time and can stand for only 15 to 20 minutes at a time. Tr. 51. Plaintiff also testified that he can only walk for a maximum of 4 to 5 minutes before he has to take a break. Tr. 55. However, plaintiff also testified, and the record shows, that he can walk around, go outside, go to the park, drive his brother's car, do laundry, prepare simple meals, watch television, shop in stores, gets haircuts, attends church, enjoy

fishing, and visit his mother. Tr. 40, 59, 84, 239–45, 300, 345. Thus, the ALJ was correct in opining that plaintiff's testimony is not consistent with his actual daily living activities. Additionally, none of the medical record evidence supports plaintiff's testimony that his symptoms are as debilitating or as severe as he claims, as no treating or consultative physician opined that plaintiff is as limited in his motion or ability as plaintiff claims he is. Plaintiff does not cite to any corroborating evidence in the record, aside from his own statements made at the hearing, to support the credibility of those very same statements. Rather, the objective medical record evidence supports a finding that, though not without pain, plaintiff can meet the demands of light work and that plaintiff's testimony was not credible.

The ALJ determined that plaintiff's pain and limitations were neither disabling in nature nor preclusive of his ability to perform a significant range of light work during the relevant period. Tr. 340–44. The ALJ found that in conjunction with his significant daily activities, plaintiff's symptoms were not as severe or limiting as he alleged. *Id.* This is supported by the record evidence, and the Court finds no reason to disturb the ALJ's credibility finding as it was supported by medical and other evidence in the record.

Nonetheless, even if the ALJ erred in not crediting plaintiff's testimony that he cannot stand and walk at a light work level of exertion or that his depression would affect his ability to work, such an error would be harmless. The ALJ expressly considered and found that, although the evidence does not support such a limitation, even if the claimant were limited to work primarily seated, he could still do other work existing in significant numbers nationwide identified by the VE including a reduced number of light cashier positions, light storage facility rental clerk, and merchandise marker. Additionally, the ALJ considered plaintiff's claim of severe depression, and found that, even if plaintiff's depression were in fact severe and he were

limited to simple routine tasks with no fast pace and a relatively unchanging setting and process, all of these same unskilled positions would apply according to the VE.

In summary, the evidence relied on by the ALJ, including physician opinions and record medical evidence, supported his listing, RFC and credibility findings. For this and all the reasons discussed above, the Court finds that the decision of the ALJ in this case is supported by substantial evidence. The decision of the Commissioner is therefore affirmed.

## CONCLUSION

Accordingly, plaintiff's motion for judgment on the pleadings [DE 16] is DENIED and defendant's motion for judgment on the pleadings [DE 19] is GRANTED. The decision of the Commissioner is AFFIRMED.

SO ORDERED, this 28 day of March, 2017.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE